ON MOTION FOR CLARIFICATION AND RECONSIDERATION

PER CURIAM.
We withdraw our prior opinion of May 25, 1995, and substitute the following in its place. Appellee’s motion for clarification is granted. Her motion for reconsideration is denied.
This is an appeal from an order of the Judge of Compensation Claims (“JCC”) finding claimant permanently totally disabled (“PTD”) based on her psychiatric condition. Because a critical element of that finding is not supported by competent substantial evidence in the record, we reverse.
Claimant has a history of paranoid schizophrenia dating back some twenty years, and has been hospitalized on several occasions as a result. She has received Social Security Disability benefits for more than twenty years due to this condition. Apparently claimant has worked occasionally, although her work history is not well developed or documented in the record on appeal. In 1988, claimant was involved in an automobile accident and was incapacitated for some time as a result. In late 1991, claimant applied for and obtained a job with the employer as a nurse’s aide.
After working for between three and five days for the employer, on December 24, 1991, claimant was injured in a compensable work accident when she was attacked by a *234 patient. She initially complained of injuries to her face, head, neck, and back. Later she added a claim based on her psychiatric condition. The employer/carrier (“E/C”) did not controvert treatment for the injury to her nose, which eventually required surgeiy. E/C paid temporary disability benefits from December 25, 1991 through March 24, 1992 in connection with the nose injury, but con-testéd all other benefits.
The JCC found that claimant suffered permanent injuries to her neck/cervical area, but specifically based the finding of PTD entirely on her psychiatric condition. He specifically accepted the testimony of Dr. Mutter, psychiatrist, over that of Dr. Wainger, also a psychiatrist, because he determined Dr. Wainger, in giving her opinion on causal connection between the accident and aggravation of claimant’s psychiatric condition, did not attribute as much significance to the accident as the JCC thought was appropriate. We have respected the JCC’s choice in this regard, insofar as it is possible to do so, Florida Mining & Materials v. Mobley, 649 So.2d 934 (Fla. 1st DCA1995).
Based on claimant’s and her mother’s testimony, the JCC found claimant had made progress toward returning to work before the accident, and that her progress had been significantly impeded by the accident. While the JCC noted in the order that claimant had experienced emotional problems in her past, the order contains no references to the diagnosis of paranoid schizophrenia or the characteristics of that condition, discussed by both psychiatrists. The JCC found that claimant had re-established her earning capacity before the injury despite her prior and ongoing medical and vocational problems, and had displayed a capability to continue working.
Dr. Mutter testified by deposition and again by telephone during the hearing. He examined claimant on a total of two occasions, both after the accident. He stated that claimant was out of touch with reality, had a major mental disorder, schizophrenia, and was acutely mentally ill. He opined that the industrial accident had aggravated her pre-existing psychiatric condition “with an assumption. That would be assuming that [before the accident] she was more stabilized and at least capable of maintaining gainful employment.” Dr. Mutter did not see claimant initially until ten months after the accident had occurred, and he had been unable to obtain information pertaining to claimant’s ability to function at work or perform job duties because she was so out of touch with reality and unreliable. Therefore, he said he would defer to her supervisors at work on this question. The record contains no testimony or evidence from claimant’s supervisors at work as to her ability to function there. On a somewhat contradictory note, Dr. Mutter stated at one point that it was surprising claimant was working in the first place. Dr. Mutter also stated he was aware of claimant’s bizarre complaints of attacks by home intruders wielding needles and of rapes, and that she had been psychotic for years. At one point he said that assuming her bizarre complaints and stories pre-exist-ed the December 24, 1991, accident, “that would mean she was still having signs of psychosis.” He had been provided with the office notes of Dr. Goldberg, claimant’s general physician.
The record indicates that for several years, claimant had complained of numerous home invasion/rape incidents in which she was involuntarily injected with various substances, and had expressed to Dr. Goldberg her fear of contracting HIV as a result of these incidents. Dr. Goldberg’s office notes leading up to and including December 2, 1991, contain notations that appear to relate to these complaints. Apparently claimant also made numerous calls and complaints to police about these alleged incidents. Dr. Mutter acknowledged that such delusions were a sign of psychosis. Again, in a somewhat contradictory fashion, when presented with some of Dr. Goldberg’s notes, Dr. Mutter stated these notations indicated claimant was preoccupied with herself, but not necessarily psychotic.
Appellant contends Dr. Mutter’s opinion is not based on facts in the record, and therefore does not constitute competent substantial evidence to support the JCC’s ultimate conclusion, and we agree. The record is unclear as to claimant’s work history ex *235 cept for unsupported assertions that she has been able to work in the past. Dr. Mutter’s assumption that despite the fact that claimant has been psychotic for years, she was at a point where she was able to maintain gainful employment is not supported by competent substantial evidence; he conceded that he personally had no information to support that assumption and deferred to others, whose testimony was not offered. In addition, his testimony appears somewhat contradictory in some areas.
The JCC apparently relied on claimant’s and her mother’s testimony to fill the void resulting from the absence of testimony by claimant’s work supervisors, and found that claimant had made progress toward getting her life together and being able to be gainfully employed before the accident occurred. We note, however, that in her testimony, claimant’s mother basically denied awareness of claimant’s home invasion/rape delusions for the past several years, and stated she did not know whether claimant had been taking medication for schizophrenia between 1988 and 1991, indicating she was not particularly knowledgeable about claimant’s current psychiatric condition. The JCC also relied to some degree on claimant’s testimony in support of this conclusion, but as E/C points out, even Dr. Mutter found claimant’s accounts unreliable. Our reading of her testimony confirms that assessment, therefore it does not provide competent substantial evidence to support the JCC’s finding.
In conclusion, we are unable to say that the record contains competent substantial evidence to support Dr. Mutter’s critical assumption and the JCC’s ultimate conclusion as to the aggravation of claimant’s psychiatric condition. However, we do believe the record contains competent substantial evidence to support the JCC’s finding that claimant has a 10.5% permanent impairment as a result of the injuries to her neek/cervical area based on Dr. Goodman’s report of an aggravation of a pre-existing cervical condition. We reject E/C’s' argument that his opinion was illogical and unreasonable. Therefore we remand for reconsideration of the extent of claimant’s disability based on the cervical/neck injury.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, JOANOS and MINER, JJ., concur.